**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER A. IOSELLO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-cv-03694 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| ALLIANCEONE RECEIVABLES | ) | |
| MANAGEMENT, INC., | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, AllianceOne Receivables Management, Inc. ("Defendant"), by its attorneys

Jeffrey D. Pilgrim (Grady Pilgrim Christakis Bell LLP, *of counsel*), states as its Answer to

Plaintiff's Complaint, as follows:

**INTRODUCTION**

1.      Plaintiff Christopher A. Iosello brings this action to secure redress from unlawful
credit and collection practices engaged in by defendant AllianceOne Receivables Management,
Inc.

**Answer:**  Defendant admits that Plaintiff's Complaint attempts to state claims against

Defendant for alleged credit and collection practices.  Defendant denies that it engaged in any

unlawful or wrongful conduct, denies that it is liable to Plaintiff, and denies all of the remaining

allegations contained in this paragraph.

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C.
§1692 *et seq.* ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA"),
and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**Answer:**  Defendant admits that Plaintiff's Complaint attempts to allege violations of the

Fair Debt Collection Practices Act ("FDCPA"), the Illinois Collection Agency Act ("ICAA"),

and the Telephone Consumer Protective Act ("TCPA").  Defendant denies that it violated the

FDCPA, ICAA or TCPA, denies that it engaged in any wrongful conduct, denies that it is liable

to Plaintiff, and denies all of the remaining allegations contained in this paragraph.

3.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692c, 1692f and 1692g.

**Answer:**  Defendant admits that the FDCPA prohibits certain conduct and requires

disclosure of certain information, as specified in the FDCPA, 15 U.S.C. § 1692, *et seq*.

Defendant denies all of the remaining allegations contained in this paragraph.

4.     The ICAA reflects a determination that "the practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest.  It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois.  This Act shall be liberally construed to carry out these objects and purposes . . . .  It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

**Answer:**  Defendant admits that this paragraph accurately quotes certain provisions of

225 ILCS 425/1a.  Defendant denies all of the remaining allegations contained in this paragraph.

5.     The TCPA restricts the use of automated equipment to dial cellular telephones.

**Answer:**  Defendant admits that the TCPA contains certain restrictions on the use of

certain equipment to call numbers assigned to a "cellular telephone service," as specified in the

TCPA, 47 U.S.C. § 227, *et seq*.

## VENUE AND JURISDICTION

6.     This Court has jurisdiction under 15 U.S.C. §1692k, 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1637.

**Answer:** Defendant admits that this Court has subject matter jurisdiction.

7.     Venue and personal jurisdiction in this District are proper because:

      a.     Defendant's collection communications were received by plaintiff within this District; and

      b.     Defendant does or transacts business within this District.

**Answer:** Defendant admits that, based on the allegations of the Complaint, venue is proper in this District.

## PARTIES

8.     Plaintiff is an individual who resides in the Northern District of Illinois.

**Answer:** Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies these allegations.

9.     Defendant AllianceOne Receivables Management, Inc. is a Delaware corporation that operates a collection agency.

**Answer:** Defendant admits that it is a Delaware corporation, and that operates as an accounts receivable management, outsourcing and call center solutions company.

10.     Defendant AllianceOne Receivables Management, Inc. regularly uses the mails and telephone system to attempt to collect alleged debts entered into for personal, family or household purposes and originally owed to others.

**Answer:** Defendant admits the allegations contained in this paragraph.

11.     Defendant AllianceOne Receivables Management, Inc. does business in Illinois. Its registered agent and office is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois  60604.

**Answer:** Defendant admits the allegations contained in this paragraph.

12.     Defendant AllianceOne Receivables Management, Inc. is a debt collector as defined in the FDCPA.

**Answer:**  Defendant admits that under certain circumstances it may be considered a "debt collector," as defined in the FDCPA.

## FACTS

13.     Defendant has been attempting to collect from plaintiff an alleged debt owed to Bally's Health Clubs.  The debt has been paid.

**Answer:**  Defendant admits that it had attempted to collect from Plaintiff a debt owed to Bally's Health Clubs.  Defendant denies the remaining allegations contained in this paragraph.

14.     Defendant began calling plaintiff about the debt on or about June 4, 2010, placing multiple calls to various numbers used by plaintiff, including his cellular telephone, over a period of 3 days.

**Answer:**  Defendant admits that in early June 2010, it called Plaintiff about the debt placing calls to two different telephone numbers.  Defendant denies the remaining allegations contained in this paragraph.

15.     On or about June 7, 2010, at 2:19 p.m., plaintiff faxed to defendant the following communication:

To Alliance One

As instructed by telephone on three separate occasions and now by facsimile transmission:  Please do not contact Christopher A. Iosello.  (773) 726-1832

As stated previously, any account you are trying to collect has been paid.  Any continued attempt to contact me will be considered harassment.

**Answer:**  Defendant denies the allegations contained in this paragraph.

4

16.     Notwithstanding receipt of the fax, numerous additional calls were placed to plaintiff by defendant on June 8-10, 2010, to collect the same debt.

**Answer:** Defendant admits that it placed calls to Plaintiff on June 8-10, 2010, to collect

the debt. Defendant denies the remaining allegations contained in this paragraph.

17.     On June 9, 2010, an AllianceOne representative using the name Bill Faust stated that Bally's has confirmed that the balance is still outstanding, and that AllianceOne would continue to call unless plaintiff provided proof that the debt had been paid, or plaintiff paid it again.

**Answer:** Defendant admits that a representative of Defendant called Plaintiff on June 9,

2010. Defendant denies the remaining allegations contained in this paragraph.

18.     On June 9, 2010, plaintiff, by counsel, faxed a letter to AllianceOne advising that plaintiff was represented by counsel and that the debt was disputed. A copy of this communication and the transmission report are attached as Exhibit A.

**Answer:** Defendant denies the allegations contained in this paragraph.

19.     Thereafter, on June 10, 2010, AllianceOne continued calling plaintiff, directly, seeking to collect the debt.

**Answer:**     Defendant admits that it attempted to call Plaintiff on June 10, 2010.

Defendant denies the remaining allegations contained in this paragraph.

20.     On information and belief, a number of voicemail messages left on plaintiff's cell phone after plaintiff's communications were placed by automated dialers.  The calls were placed at our around the same hour each day, and were identical in content.

**Answer:** Defendant denies the allegations contained in this paragraph.

21.     Defendant's conduct was aggravating and harassing.

**Answer:** Defendant denies the allegations contained in this pargraph.

## COUNT I – FDCPA

22.     Plaintiff incorporates paragraphs 1-21.

**Answer:**  Defendant realleges and incorporates by reference paragraphs 1 through 21 of this Answer as its answer to this paragraph.

23.     Defendant violated 15 U.S.C. §1692g, by failing to cease communication after plaintiff notified defendant that the debt was disputed, until the debt was verified.

**Answer:**  Defendant denies the allegations contained in this paragraph.

24.     Any attempt at verification should have disclosed that the debt was paid.

**Answer:**   Defendant denies the allegations contained in this paragraph.

25.     15 U.S.C. §1692g provides:

(a)     Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)     the amount of the debt;

    (2)     the name of the creditor to whom the debt is owed;

    (3)     a statement that unless the consumer, which thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5)     a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide

the consumer with the name and address of the original
creditor, if different from the current creditor.

(b)    Disputed debts.  If the consumer notifies the debt collector in
writing within the thirty-day period described in subsection (a) that
the debt, or any portion thereof, is disputed, or that the consumer
requests the name and address of the original creditor, the debt
collector shall cease collection of the debt, or any disputed portion
thereof, until the debt collector obtains verification of the debt or a
copy of a judgment, or the name and address of the original
creditor, and a copy of such verification or judgment, or name and
address of the original creditor, is mailed to the consumer by the
debt collector.  Collection activities and communications that do
not otherwise violate this title may continue during the 30-day
period referred to in subsection (a) unless the consumer has
notified the debt collector in writing that the debt, or any portion of
the debt, is disputed or that the consumer requests the name and
address of the original creditor.  Any collection activities and
communication during the 30-day period may not overshadow or
be inconsistent with the disclosure of the consumer's right to
dispute the debt or request the name and address of the original
creditor.

(c)    Admission of liability.  The failure of a consumer to dispute the
validity of a debt under this section may not be construed by any
court as an admission of liability by the consumer.

(d)    Legal pleadings.  A communication in the form of a formal
pleading in a civil action shall not be treated as an initial
communication for purposes of subsection (a).

(e)    Notice provisions.  The sending or delivery of any form or notice
which does not relate to the collection of a debt and is expressly
required by the Internal Revenue Code of 1986 [26 U.S.C. §1 *et
seq.*], title V of Gramm-Leach-Bliley Act [15 U.S.C. §6801 *et
seq.*], or any provision of Federal or State law relating to notice of
data security breach or privacy, or any regulation prescribed under
any such provision of law, shall not be treated as an initial
communication in connection with debt collection for purposes of
this section.

**Answer:**  Defendant admits that this paragraph accurately quotes certain provisions of 15

U.S.C. § 1692g.

26.     In addition, the representation that defendant could continue to call until plaintiff provided proof of payment or paid again was false, in violation of 15 U.S.C. §§1692e, 1692e(5) and 1692e(10).

**Answer:** Defendant denies the allegations contained in this paragraph.


27.     15 U.S.C. §1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section….

    (5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

**Answer:** Defendant admits that this paragraph accurately quotes certain provisions of 15 U.S.C. § 1692e.


28.     Defendant violated 15 U.S.C. §1692c by continuing to contact plaintiff after he sent defendant a fax stating that the debt had been paid and that defendant should cease contact and by continuing to contact plaintiff, directly, after it had been notified that plaintiff was represented by counsel.

**Answer:** Defendant denies the allegations contained in this paragraph.


29.     15 U.S.C. §1692c provides:

(a)     Communication with the consumer generally – Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . .

        (2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable

period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer . . .

. . .

(c)     Ceasing communication – If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except –

  (1)     to advise the consumer that the debt collector's further efforts are being terminated;

  (2)     to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

  (3)     where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

**Answer:**  Defendant admits that this paragraph accurately quotes certain provisions of 15 U.S.C. § 1692c.

WHEREFORE, Defendant, AllianceOne Receivables Management, Inc., requests that this Court dismiss Plaintiff's Complaint with prejudice, or, alternatively, enter judgment in favor of Defendant and against Plaintiff, award Defendant its court costs and attorneys' fees, and award Defendant any other and further relief that this Court deems just and equitable.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

30.     Plaintiff incorporates paragraphs 1-21.

**Answer:**  Defendant realleges and incorporates by reference paragraphs 1 through 21 of this Answer as its answer to this paragraph.

31.     Defendant is a "collection agency" as defined in the ICAA, 225 ILCS 425/1 *et seq.*

9

**Answer:**  Defendant admits the allegations contained in this paragraph.


32.     Defendant violated the following provisions of 225 ILCS 425/9:

(20)    Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . . .

(30)    Communicating or threatening to communicate with a debtor when the debt collector is informed in writing by an attorney that the attorney represents the debtor concerning the claim, unless authorized by the attorney.  If the attorney fails to respond within a reasonable period of time, the collector may communicate with the debtor.  The collector may communicate with the debtor when the attorney gives his consent. . . .

**Answer:**  Defendant denies the allegations contained in this paragraph.


33.     Defendant violated the following provisions of 225 ILCS 425/9.2:

(a)     Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances . . .

        (2)     If the debt collector or collection agency knows the debtor is represented by an attorney with respect to such debt and has knowledge of or can readily ascertain, the attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or collection agency or unless the attorney consents to direct communication with the debtor. . . .
        . . .

(c)     If a debtor notifies a debt collector or collection agency in writing that the debtor refuses to pay a debt or that the debtor wishes the debt collector or collection agency to cease further communication with the debtor, the debt collector or collection agency may not communicate further with the debtor with respect to such debt, except to perform any of the following tasks:

(1)     Advise the debtor that the debt collector's or collection agency's further efforts are being terminated.

(2)     Notify the debtor that the collection agency or creditor may invoke specified remedies that are ordinarily invoked by such collection agency or creditor.

(3)     Notify the debtor that the collection agency or creditor intends to invoke a specified remedy.

If such notice from the debtor is made by mail, notification shall be complete upon receipt.

**Answer:**  Defendant denies the allegations contained in this paragraph.

34.     Defendant violated the following provisions of 225 ILCS 425/9.3:

(a)     Within 5 days after the initial communication with a debtor in connection with the collection of any debt, a debt collector or collection agency shall, unless the following information is contained in the initial communication or the debtor has paid the debt, send the debtor a written notice with each of the following disclosures:

(1)     The amount of the debt.

(2)     The name of the creditor to whom the debt is owed.

(3)     That, unless the debtor, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector or collection agency.

(4)     That, if the debtor notifies the debt collector or collection agency in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector or collection agency will obtain verification of the debt or a copy of a judgment against the debtor and a copy of the verification or judgment will be mailed to the debtor by the debt collector or collection agency.

(5)     That upon the debtor's written request within the 30-day period, the debt collector or collection agency will provide the debtor with the name and address of the original creditor, if different from the current creditor.  If the

disclosures required under this subsection (a) are placed on the back of the notice, the front of the notice shall contain a statement notifying debtors of that fact.

(b)     If the debtor notifies the debt collector or collection agency in writing within the 30-day period set forth in paragraph (3) of subsection (a) of this Section that the debt, or any portion thereof, is disputed or that the debtor requests the name and address of the original creditor, the debt collector or collection agency shall cease collection of the debt, or any disputed portion thereof, until the debt collector or collection agency obtains verification of the debt or a copy of a judgment or the name and address of the original creditor and mails a copy of the verification or judgment or name and address of the original creditor to the debtor.

(c)     The failure of a debtor to dispute the validity of a debt under this Section shall not be construed by any court as an admission of liability by the debtor.

**Answer:**  Defendant denies the allegations contained in this paragraph.


35.     A private right of action exists for violation of the ICAA.   Sherman v. Field Clinic, 74 Ill.App.3d 21, 392 N.E.2d 154 (1st Dist. 1979).

**Answer:**  Defendant denies the allegations contained in this paragraph.


36.     Plaintiff was damaged as a result.

**Answer:**  Defendant denies the allegations contained in this paragraph.


WHEREFORE, Defendant, AllianceOne Receivables Management, Inc., requests that this Court dismiss Plaintiff's Complaint with prejudice, or, alternatively, enter judgment in favor of Defendant and against Plaintiff, award Defendant its court costs and attorneys' fees, and award Defendant any other and further relief that this Court deems just and equitable.

### COUNT III – TCPA

37.     Plaintiff incorporates paragraphs 1-21.

**Answer:**  Defendant realleges and incorporates by reference paragraphs 1 through 21 of this Answer as its answer to this paragraph.


38.     47 U.S.C. §227 provides in part as follows:

§227.  Restrictions on use of telephone equipment

. . .

(b)     Restrictions on use of automated telephone equipment.

> (1)     Prohibitions.  It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
>> (A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>>
>>> (iii)     to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. . . .

**Answer:**  Defendant admits that this paragraph accurately quotes certain provisions of 47 U.S.C. § 227.


39.     47 U.S.C. §227(b)(3), further provides:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State –

(A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**Answer:** Defendant admits that this paragraph accurately quotes certain provisions of 47 U.S.C. § 227(b)(3).

40.     Defendant violated the TCPA by placing automated calls to plaintiff's cell phone after plaintiff directed defendant to cease communications.

**Answer:** Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant, AllianceOne Receivables Management, Inc., requests that this Court dismiss Plaintiff's Complaint with prejudice, or, alternatively, enter judgment in favor of Defendant and against Plaintiff, award Defendant its court costs and attorneys' fees, and award Defendant any other and further relief that this Court deems just and equitable.

14

## <u>AFFIRMATIVE DEFENSES</u>

Defendant, AllianceOne Receivables Management, Inc. ("Defendant"), by its attorneys Jeffrey D. Pilgrim (Grady Pilgrim Christakis Bell LLP, *of counsel*), states as its Affirmative Defenses to Plaintiff's Complaint, as follows:

1.     Although Defendant denies that its conduct violated the FDCPA or any other statute, any violation was not intentional and occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

2.     Defendant reserves the right to amend its Answer and Affirmative Defenses to include such other and further defenses as may become apparent through further investigation and discovery.

WHEREFORE, Defendant, AllianceOne Receivables Management, Inc., requests that this Court dismiss Plaintiff's Complaint with prejudice, or, alternatively, enter judgment in favor of Defendant and against Plaintiff, award Defendant its court costs and attorneys' fees, and award Defendant any other and further relief that this Court deems just and equitable.

Respectfully submitted,

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.

By: s/ Jeffrey D. Pilgrim
    One of its attorneys

Jeffrey D. Pilgrim
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard
Suite 1515
Chicago, Illinois 60604
Phone: (312) 939-0923
Fax: (312) 939-0983

## <u>CERTIFICATE OF SERVICE</u>

Jeffrey D. Pilgrim, an attorney, certifies that on August 4, 2010, he electronically filed the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants:

Daniel A. Edelman (dedelman@edcombs.com; courtecl@edcombs.com)

Cathleen M. Combs (ccombs@edcombs.com)

James O. Latturner (jlatturner@edcombs.com)

Thomas E. Soule (tsoule@edcombs.com)


s/ Jeffrey D. Pilgrim_____



Jeffrey D. Pilgrim
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard
Suite 1515
Chicago, Illinois 60604
Phone: (312) 939-0923
Fax: (312) 939-0983